## Riley, etc., et al. v. City of Philadelphia

*Hugh D. Scott, Jr.*, for plaintiffs.
*Isaac G. Gordon Forster*, for defendant.

PER CURIAM, December 13, 1938.—Plaintiff, Regina McMenamin Riley, 17 years of age, sued the City of Philadelphia to recover damages for injuries sustained when an automobile, in which she was a passenger, overturned. She based her claim for damages upon the negligence of defendant in not maintaining in proper condition that part of the roadbed of Linden Avenue at a point between Keystone Street and State Road.

At the trial of this case evidence was produced to the effect that at the end of a bridge located on the said Linden Avenue, and at the point where this bridge joins the road, there was a defect and obstruction in the road, which extended completely across it.

Plaintiff knew of this defect in the street, having been driven over it on a number of occasions "within a few months before the accident".

The accident occurred April 26, 1937, at about 8:45 o'clock in the evening, during a heavy rainstorm, when the automobile in which plaintiff was a passenger ran

into and upon the defect in the street, skidded, and turned over.

Plaintiff had not warned the driver of the automobile of this defect in the street, and testified that at the time of the accident and just prior thereto she was facing the rear of the automobile, engaged in conversation with the occupants of the rear seat. She was not thinking of the street on which they were driving nor of the defect in it which they were approaching. Her mind and attention were focused upon her sister and friend in the rear seat and her conversation with them, and not on the driver or the road.

Plaintiff sustained severe injuries, and the trial resulted in a verdict in her favor for $4,500, and for the mother and father in the sum of $500.

There seems no doubt under all the facts of this case that defendant was guilty of negligence. It maintained the roadbed of Linden Avenue, at the place of the accident, in a condition so defective as to render it dangerous for travel. The city did have constructive notice of this defect and obstruction on and across the road, because plaintiff testified that she had been driven over Linden Avenue at this point "within a few months before the accident", and that at those times the said defect and obstruction were on the road. This testimony, as to the condition of the road and the period of time during which the condition persisted, was corroborated by other witnesses.

The sole question remaining is that of the duty of plaintiff—whether or not to have warned the driver of the automobile of the defect and obstruction in the road which they were approaching.

Plaintiff in this case, according to her own testimony, knew of the condition of Linden Avenue at this point; but her testimony is conflicting as to whether she knew that this condition constituted a danger.

On cross-examination she said, "Yes, I knew it was dangerous but didn't have my mind on the road at that

time". Again, "I knew it was dangerous but I didn't have my mind on what was going to come at that time". Finally, in answer to the question, "You knew your now husband was driving over a road you considered dangerous, and you knew he was not an experienced driver too, didn't you?" she said, "I didn't know it was dangerous".

It has been held, time and again, that in considering a motion for judgment non obstante veredicto, all conflicts in testimony must be resolved in favor of plaintiff.

The jury, in having returned a verdict in favor of plaintiff, found that she did not know that Linden Avenue, at this time and place and under all the attendant circumstances, was in dangerous condition.

Although there are no cases exactly in point factually there are a number which treat of the broad principles of law involved.

"When dangers, which are either reasonably manifest or known to an invited guest, confront the driver of a vehicle, and the guest has an adequate and proper opportunity to control or influence the situation for safety, if he sits by without warning or protest and permits himself to be driven carelessly to his injury, this is negligence which will bar recovery": Minnich v. Easton Transit Co., 267 Pa. 200, 204.

However, in the case before us, it must be held that the danger involved was not known to be such to the "invited guest". The jury so found.

"Although a guest is not required to exercise the same degree of care and watchfulness as the driver, and the carelessness of the latter is not imputed to the former, yet a passenger must bear the consequences of his own negligence, when he joins in testing a danger; but the extent to which one, in the position of a guest, should appreciate an impending peril, and act in relation thereto, depends upon the facts peculiar to each case; unless these are manifest and the inferences to be drawn therefrom clear beyond peradventure, the issues involved must be

submitted to the jury for determination": Minnich v. Easton Transit Co., supra.

Our present case is certainly one where "the inferences to be drawn" are not "clear beyond peradventure", and is one, then, which the jury alone must decide.

For these reasons the motion for judgment non obstante veredicto was overruled.